### MABEL H. MARTIN v. AUSTIN GUNNISON AND JULIA G. PORTER.

1. LIABILITY OF TRUSTEE FOR CONVERSION ARISES EX CONTRACTU AS WELL AS IN TORT.

   A cause of action *ex contractu* is stated in a petition which avers that plaintiff is the owner of a one-half interest in one hundred shares of stock held in trust, and that the trustee had converted the same to his own use; defendant's liability in such case is founded on his implied promise to pay over the stock which he agreed to hold in trust, notwithstanding his liability also sounds in tort.

2. ATTACHMENT LIES WHEN ACTION BASED ON CONTRACT.

   An attachment may be issued in such case, because the cause of action is based on contract.

3. NO DEFECT IN PARTIES PLAINTIFF WHEN PLAINTIFF SOLE OWNER OF FIXED ONE-HALF INTEREST.

   There is no defect in parties plaintiff for failure of plaintiff to join any one else with her, when it appears that her interest in the subject-matter of the action is an absolute and fixed one-half interest.

4. FILING OF ANSWER IS ENTRY OF APPEARANCE, ALTHOUGH DIFFERENT PURPOSE INTENDED.

   The filing of an answer by defendant is an entry of appearance to the action as effectually as if he had been served with summons; and the statement that he did so only for the purpose of filing a demurrer, amounts to nothing.

ERROR to Hamilton common pleas court.

**Theodore Horstman,** for plaintiff in error.

**Joseph Cox, Jr.,** for defendant in error.

## SWING, J.

This case is in this court on error.  In the court of common pleas, a general demurrer to the petition was sustained, and the court also dismissed an attachment which had previously been issued against the property of the defendant.

8  O. C. C.  Vol. 27

### Hamilton County.

In brief the petition set out that the defendant had in 1875 assigned to one Howe, one hundred shares of stock of a railroad company in trust for the use of the mother of the plaintiff during her life, and after her death to be divided between the children surviving her; that the mother had died leaving the plaintiff and a sister, her only children surviving; that the defendant had been appointed trustee in succession to said Howe, and had taken possession of said one hundred shares of stock as said trustee; that he had received 6 per cent. interest annually on said stock for several years, and had converted both interest and the said stock to his own use; and she prayed judgment against said defendant for one-half of the value of said stock and interest.

In our opinion the petition states a good cause of action, and that while defendant was guilty of a wrong in converting to his own use the stock which he had agreed to hold in trust for the plaintiff, still the right of action of plaintiff against the defendant was founded on the implied promise of the defendant to pay over to the plaintiff the stock which he had agreed to hold in trust, and while the action sounds in tort, it rests in contract. There was no defect in parties plaintiff. The portion belonging to plaintiff had been fixed—it was one-half—and the whole was to be divided, and her portion given to her. Her only interest was in the one-half, and no other person had any interest with her in this one-half, and the action was rightly brought by her without joining anyone with her. The action being on a contract, an attachment was properly issued under the allegations in the attachment proceedings. When defendant filed his answer, he entered his appearance to the action as effectually as if he had been served with summons; and the statement that he did so only for the purpose of filing the demurrer amounted to nothing.

The court erred in sustaining the demurrer and dismissing the attachment, and the judgment will be reversed for these reasons, and the cause remanded for further proceedings.

**Jelke, J.,** concurs.